76 F.3d 379
 151 L.R.R.M. (BNA) 2672
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
James E. STEELE and Sherman Steele, a co-partnership doing
business as Reddi Electric, Respondent.
 No. 95-5963.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1996.
 
 Before: CONTIE, GUY, and RYAN, Circuit Judges.
 
 SUPPLEMENTAL JUDGMENT
 
 1
 On December 31, 1991, the National Labor Relations Board (the "Board") issued a decision and order in Case No. 7-CA-31968 finding the respondent violated federal labor law and directing the respondent to take certain remedial steps stated therein. The Board then applied to this court for summary entry of judgment enforcing its decision and order. On August 6, 1992, this panel granted the Board's application and entered a judgment of summary enforcement. Under the terms of that judgment, the respondent was directed to take certain affirmative action, including "paying contractual wages, tendering all contractually required fringe benefit contributions ... and making any bargaining unit employees adversely affected by the actions found unlawful whole for any loss suffered as a result of those actions.... See NLRB v. James E. Steele, No. 92-5836 (6th Cir. August 6, 1992) (unpublished).
 
 
 2
 On October 28, 1994, the Regional Director for Region 7 issued and served on the respondent a compliance specification and notice of hearing alleging the amounts due under the Board's prior order, as enforced by this court. The respondent did not file an answer to the compliance specification and the Board, upon motion of the General Counsel, issued a supplemental decision and order on February 10, 1995, ordering the respondent to pay the amounts listed therein, plus interest.*
 
 
 3
 The Board now applies to this court for summary enforcement of its supplemental decision and order. Given the failure of the respondent to file an answer either to the compliance specification or to the present petition for enforcement, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 4
 It therefore is ORDERED that the Board's February 10, 1995, supplemental decision and order in Case No. 7-CA-31968 is hereby enforced. The respondent, James E. Steele and Sherman Steele, a co-partnership d/b/a Reddi Electric, Inkster, Michigan, its officers, agents, successors, and assigns, shall make whole the unit employees by paying to the funds and to Local 252, International Brotherhood of Electrical Workers, AFL-CIO, the following amounts, plus interest:
 
 
 5
 Health and Welfare $ 3,433.40
 Pension (including Defined
 Benefit a/o 1993) 1,633.74
 Defined Contribution 180.32
 Vacation 3,431.94
 National Electric Benefit Fund (NEBF) 838.86
 Apprentice Training 233.99
 Apprenticeship School 254.74
 Labor Management Cooperation Fund (LMCF) 49.46
 Total $10,056.45
 Attorney's fees 4,004.94
 Grand Total $14,061.39
 
 
 
 *
 At the time of the original proceedings before the Board and this court's entry of judgment of summary enforcement, the respondent business was operated by James E. Steele as a sole proprietorship. The Regional Director later determined that the business is now operated as a co-partnership by James E. Steele and his brother Sherman Steele. The Board accordingly amended the caption of the case to reflect that change. The respondent not having challenged that change, the present judgment form continues the Board's amended caption